EXHIBIT A

John P. Campo (JC-5241)
John S. Kinzey (JK-4951)
DREIER LLP
499 Park Avenue
New York, New York  10022
Tel.:  (212) 328-6100
Fax:  (212) 328-6101

RECEIVED

07 FEB 16  PM 6:23

U.S. DISTRICT COURT
S.D.N.Y.

Attorneys for John S. Pereira, Esq., as Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

In re:                                               :

MAYWOOD CAPITAL CORP., et al.,                       :        Chapter 11 Cases
                                                     :        Case No. 05-10987 (RDD)
                               Debtors,              :
------------------------------------------------------------ x        Jointly Administered
                                                     :        Case Nos. 04-17047, 05-10944
JOHN S. PEREIRA, as Chapter 11 Trustee of 79 EAST    :        to 05-10987, 05-11521, 05-11523
125TH STREET REALTY LLC,                             :        and 05-1778 (RDD)
                                                     :
                               Plaintiff,            :
                                                     :
            vs.                                      :
                                                     :
BRT REALTY TRUST, KENNEDY FUNDING, INC.,             :
BODDEN FUNDING CORP., JAY IRGANG, MARK               :
IRGANG and ORLI IRGANG,                              :        Adversary No.: _____
                                                     :
                                                     :
                               Defendants.           :
------------------------------------------------------------ x

## COMPLAINT

Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of 79 East 125th Street Realty LLC (the "Debtor"), by and through his counsel, Dreier LLP, as and for his Complaint against the above-captioned defendants, respectfully alleges as follows:

1.    This is an action to avoid and recover fraudulent conveyances of property of the Debtor and for other relief.

{00225632.DOC;8}

## PARTIES

2.      79 East 125th Street Realty Corp. (sometimes referred to as "79 East 125th Street Realty LLC" or the "Debtor") is one of the Debtors in this jointly administered case, and is a corporation organized and existing under the laws of the State of New York.

3.      The Trustee is the duly appointed Chapter 11 Trustee of Debtor's estate pursuant to an order entered by the Bankruptcy Court on March 24, 2005.

4.      Upon information and belief, Defendant BRT Realty Trust ("BRT") is a corporation located at 60 Cutter Mill Road, Great Neck, New York 11021.

5.      Upon information and belief, Defendant Kennedy Funding, Inc. ("Kennedy") is a New Jersey Corporation with offices located at Two University Plaza, Hackensack, New Jersey 07601.

6.      Upon information and belief, defendants Jay Irgang, Mark Irgang, and Orli Irgang (collectively, the "Irgang Defendants") are each a natural person having an office at 60 East 42nd Street, Suite 447, New York, New York 10165.

7.      Upon information and belief, Defendant Bodden Funding Corp. ("Bodden") has offices located at 2386 Morris Avenue, Suite 1B, Bronx, New York 10468.

8.      Upon information and belief, Bodden was, at all relevant times, an insider of the Debtor, having been owned, controlled or otherwise affiliated with the Irgang Defendants, who were officers and directors of the Debtor.

## JURISDICTION AND VENUE

9.      The jurisdiction of this Court is founded upon 28 U.S.C. § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

10.    This adversary proceeding is a core proceeding pursuant to §§ 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including 79 East 125th Street Realty LLC, now pending in the Bankruptcy Court.

11.    Venue of this proceeding in this Court is proper pursuant to § 1409(a) of Title 28 of the United States Code because this adversary proceeding is one arising in or under a case under the Bankruptcy Code.

12.    This adversary proceeding is commenced, pursuant to §§ 510, 544, 548, 550 and 551 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7001 and 7003 and New York Debtor and Creditor Law §§ 273, 274, 275 and 276, to avoid and recover transfers of certain property interests of Debtor to the Defendants.

## BACKGROUND

13.    On February 19, 2005 (the "Petition Date") the Debtor filed a voluntary petition for relief under Title 11 of the United States Code ("the Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

14.    Upon information and belief, at all relevant times, the land and apartment building located at 79 East 125th Street, New York, New York (the "Premises"), together with all the fixtures, rent, income, profits and other monies arising from, related to or concerning the Premises and/or the management and/or operations thereof (the "Proceeds") constituted substantially all of the assets of 79 East 125th Street Realty LLC. The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "79 East 125th Street Property."

15.    The Trustee is currently in litigation before this Court, under Adversary proceeding number 05-02089 (RDD), to recover the 79 East 125th Street Property.

**Purported Transfer To Irgang Defendants**

16.     Upon information and belief, the Irgang Defendants have asserted that they received a transfer of a mortgage from the Debtor as part of the transaction in which they acquired an interest in the Debtor (the "Purported Irgang Mortgage Transfer").

17.     Notwithstanding that the Trustee questions the validity and authenticity of the Purported Irgang Mortgage Transfer, the Debtor received no consideration in exchange for the Purported Irgang Mortgage Transfer.

**Transfers To Defendant BRT**

18.     On or about June 10, 2003, a UCC Financing Statement was recorded with the New York City Department of Finance (the "BRT UCC Statement") against the Premises, or certain fixtures attached to the Premises, in favor of Defendant BRT.

19.     On or about May 23, 2003, a lien was docketed with the New York County Clerk's Office against the 79 East 125th Street Property in favor of Defendant BRT (the "BRT Lien").

20.     On or about October 3, 2003, a mortgage on the 79 East 125th Street Property in favor of Defendant BRT in the amount of $1,000,000 was recorded in the New York County Clerk's Office (the "BRT Mortgage," and together with the "BRT UCC Statement" the "BRT Lien" and together with any obligations relating thereto and any assignment of leases and rents, collectively, the "BRT Transfers").

21.     Upon information and belief, the Debtor received no equivalent value in exchange for the BRT Transfers or, in the alternative, less than reasonably equivalent value in exchange for the BRT Transfers.

**Transfer to Defendant Kennedy Funding**

22.    Upon information and belief; prior to October 3, 2003, a mortgage on the 79 East 125th Street Property in favor of Defendant Kennedy (the "Kennedy Mortgage No.1") was recorded in the New York County Clerk's office.

23.    On or about September 23, 2003, UCC Financing Statements were recorded with the New York City Department of Finance against the 79 East 125th Street Property in favor of Defendant Kennedy (the "Kennedy UCC Statements").

24.    On or about November 25, 2003, a mortgage on the 79 East 125th Street Property in favor of Defendant Kennedy in the amount of $375,000 was recorded in the New York County Clerks Office (the "Kennedy Mortgage No.2," the "Kennedy Mortgage No.1, the "Kennedy UCC Statements" and together with any obligations relating thereto and any assignment of leases and rents, collectively, the "Kennedy Transfers").

25.    Upon information and belief, the Debtor received no equivalent value in exchange for the Kennedy Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Kennedy Transfers.

**Assignments To Defendant Bodden**

26.    Upon information and belief, the BRT Transfers were assigned to Defendant Bodden on or about October 14, 2004 and such assignment was recorded with the New York County Clerk's Office on or about January 11, 2005 (the "BRT Assignment").

27.    Upon information and belief, the Kennedy Transfers were assigned to Defendant Bodden on or about October 20, 2004 and such assignment was recorded with the New York County Clerk's Office on or about January 10, 2005 (the "Kennedy Assignment," and together with the BRT Assignment, the "Bodden Transfers").

28.    Bodden did not take the Bodden Transfers for value, in good faith and without knowledge of the avoidability of the assigned interests in property of the Debtor.

29.    Upon information and belief, the Bodden Transfer was effectuated in connection with the Irgangs' effort to wipe out the junior and unrecorded mortgages and investor claims on the Debtor's Property.  Specifically, certain of the mortgages assigned to Bodden were in foreclosure at the time they were assigned to Bodden.  Following the Bodden Transfers, Bodden served notices of default with demand to cure and pay the amounts owed in full, knowing full well that the Debtors lacked the financial wherewithal to pay off the loans, and with the intent to wipe out the investor creditors, junior mortgages and unrecorded mortgages of the Debtor.

## FIRST CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550 and 551)

30.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 29 above as if fully set forth at length.

31.    The Bodden Transfers and the Purported Irgang Mortgage Transfer were made within one year of the Petition Date.

32.    The Bodden Transfers and the Purported Irgang Mortgage Transfer were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

33.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551:  (a) avoiding and preserving the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the Bodden Transfers and the Purported Irgang Mortgage Transfer, be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## SECOND CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550 and 551)

34.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 33 above as if fully set forth at length.

35.    The Bodden Transfers and the Purported Irgang Mortgage Transfer were made within one year of the Petition Date.

36.    The Debtor (a) was insolvent on the dates the Bodden Transfers and the Purported Irgang Mortgage Transfer were made or became insolvent as a result of the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the Bodden Transfers and the Purported Irgang Mortgage Transfer were effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the Bodden Transfers and the Purported Irgang Mortgage Transfer were made, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

37.    The Debtor received no equivalent value in exchange for the Bodden Transfers or the Purported Irgang Mortgage Transfer or, in the alternative, less than reasonably equivalent value in exchange for the Bodden Transfers and the Purported Irgang Mortgage Transfer.

38.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## THIRD CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)**

39.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 38 above as if fully set forth at length.

40.    The Debtor did not receive fair consideration for the BRT Transfers, the Kennedy Transfers, the Bodden Transfers or the Purported Irgang Mortgage Transfer.

41.    At the time of the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer.

42.    The BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 273.

43.    By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551:  (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## FOURTH CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)

44.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 43 above as if fully set forth at length.

45.    The Debtor did not receive fair consideration for the BRT Transfers, the Kennedy Transfers, the Bodden Transfers or the Purported Irgang Mortgage Transfer.

46.    At the time the Debtor made the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its hands after the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer was an unreasonably small capital.

47.    The BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 274.

48.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## FIFTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)**

49.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 48 above as if fully set forth at length.

50.    The BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer to the Defendants were made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

51.    The BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 276.

52.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers and (d) recovering attorneys' fees from the Defendants.

## SIXTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code Sections 544, 550, and 551)**

53.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 52 above as if fully set forth at length.

54.    The Debtor did not receive fair consideration for the BRT Transfers, the Kennedy Transfers, the Bodden Transfers or the Purported Irgang Mortgage Transfer.

55.    At the time of the BRT Transfers, the Kennedy Transfers, the Purported Irgang Mortgage Transfer and the Bodden Transfers, the Debtor incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

56.    The BRT Transfers, the Kennedy Transfers, the Purported Irgang Mortgage Transfer and the Bodden Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 275.

57.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, the Purported Irgang Mortgage Transfer and the Bodden Transfers, (b) directing that the BRT Transfers, the Kennedy Transfers, the Purported Irgang Mortgage Transfer and the Bodden Transfers be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## SEVENTH CLAIM FOR RELIEF

### (Claim for Equitable Subordination Pursuant to Bankruptcy Code Section 510(c))

58.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 57 above as if fully set forth at length.

59.    Any claim Bodden has against the Debtor or the 79 East 125th Street Property by virtue of the Bodden Transfers should be equitably subordinated to the claims of other creditors because Bodden is an insider of the Debtor and took unfair advantage of its position and information to acquire the Bodden Transfers, which result in injury to creditors.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

1.      On the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551:  (a) avoiding and preserving the Bodden Transfers and the Purported Irgang Mortgage Transfer and (b) directing that the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those Transfers;

2.      On the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Bodden Transfers and the Purported Irgang Mortgage Transfer (b) directing that the Bodden Transfers be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those Transfers;

3.      On the Trustee's Third Claim for Relief pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, the Purported Irgang Mortgage Transfer and the Bodden Transfers, (b) directing that the BRT Transfers, the Kennedy Transfers, the Purported Irgang Mortgage Transfer and the Bodden Transfers be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those Transfers;

4.      On the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, the Purported Irgang Mortgage Transfer and the Bodden Transfers and, (b) directing that the BRT Transfers, the Kennedy Transfers, the Purported Irgang Mortgage Transfer and the Bodden Transfers be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

5.      On the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, the Purported Irgang Mortgage Transfer and the Bodden Transfers, (b) directing that the BRT Transfers, the Kennedy Transfers, the Purported Irgang Mortgage Transfer and the Bodden Transfers be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those Transfers (d) recovering attorneys' fees from the Defendants;

6.      On the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, the Purported Irgang Mortgage Transfer and the Bodden Transfers, (b) directing that the BRT Transfers, the Kennedy Transfers, the Purported Irgang Mortgage Transfer and the Bodden Transfers be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

7.      On the Trustee's Seventh Claim for Relief pursuant to 11 U.S.C. § 510(c) equitably subordinating any claim Bodden has against the Debtor or the 79th Street East 125th Street Property by virtue of the Bodden Transfers;

8.      Together with all applicable interest, costs and disbursements and for such other, further and different relief as the Court deems just, proper and equitable.

Dated:      New York, New York
            February *16*, 2007

                                    DREIER LLP

                                    By:_____/s/_____
                                          John P. Campo (JC-5241)
                                          John S. Kinzey (JK-4951)
                                          (Members of the Firm)
                                          499 Park Avenue
                                          New York, New York  10022
                                          Tel.: (212) 328-6100
                                          Fax: (212) 328-6101
                                          ATTORNEYS FOR JOHN S. PEREIRA, AS
                                          CHAPTER 11 TRUSTEE

EXHIBIT B

John P. Campo (JC-5241)
John S. Kinzey (JK-4951)
DREIER LLP
499 Park Avenue
New York, New York 10022
Tel.: (212) 328-6100
Fax: (212) 328-6101

RECEIVED

07 FEB 16  PM 6:23

U.S. DISTRICT COURT
S.D.N.Y.

Attorneys for John S. Pereira, Esq., as Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
In re:                                                       :
                                                             :    Chapter 11 Cases
MAYWOOD CAPITAL CORP., et al.,                               :    Case No. 05-10987 (RDD)
                                                             :
                        Debtors,                             :
------------------------------------------------------------ x    Jointly Administered
                                                             :    Case Nos. 04-17047, 05-10944
JOHN S. PEREIRA, as Chapter 11 Trustee of 6 EAST            :    to 05-10987, 05-11521, 05-11523
132ND STREET APARTMENTS STREET CORP.,                        :    and 05-1778 (RDD)
                                                             :
                        Plaintiff,                           :
                                                             :
        vs.                                                  :
                                                             :    Adversary No.: _____
BRT REALTY TRUST, KENNEDY FUNDING, INC.                      :
BODDEN FUNDING CORP., JAY IRGANG, MARK                       :
IRGANG and ORLI IRGANG                                       :
                                                             :
                        Defendants.                          :
                                                             :
------------------------------------------------------------ x

## COMPLAINT

Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of 6 East

132nd Street Apartment Corp. (the "Debtor"), by and through his counsel, Dreier LLP, as and for

his Complaint against the above-captioned defendants, respectfully alleges as follows:

1.      This is an action to avoid and recover fraudulent conveyances of property of the

Debtor and for other relief.

{00222440.DOC;6}

## PARTIES

2.      6 East 132nd Street Apartment Corp. (sometimes referred to as "6 East 132nd

Street Corp." or the "Debtor") is one of the Debtors in this jointly administered case, and is a

corporation organized and existing under the laws of the State of New York.

3.      The Trustee is the duly appointed Chapter 11 Trustee of Debtor's estate pursuant

to an order entered by the Bankruptcy Court on March 24, 2005.

4.      Upon information and belief, Defendant BRT Realty Trust ("BRT") is a

corporation located at 60 Cutter Mill Road, Great Neck, New York  11021.

5.      Upon information and belief, Defendant Kennedy Funding, Inc. ("Kennedy") is a

New Jersey Corporation with offices located at Two University Plaza, Hackensack, New Jersey

07601.

6.      Upon information and belief, defendants Jay Irgang, Mark Irgang, and Orli Irgang

(collectively, the "Irgang Defendants") are each a natural person having an office at 60 East 42nd

Street, Suite 447, New York, New York  10165.

7.      Upon information and belief, Defendant Bodden Funding Corp. ("Bodden") has

offices located at 2386 Morris Avenue, Suite 1B, Bronx, New York  10468.

8.      Upon information and belief, Bodden was, at all relevant times an insider of the

Debtor, having been owned, controlled or otherwise affiliated with the Irgang Defendants, who

were officers and directors of the Debtor.

## JURISDICTION AND VENUE

9.      The jurisdiction of this Court is founded upon 28 U.S.C. § 1334(b) and the

"Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court

for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

10.    This adversary proceeding is a core proceeding pursuant to §§ 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including 6 East 132nd Street Corp., now pending in the Bankruptcy Court.

11.    Venue of this proceeding in this Court is proper pursuant to §§ 1409(a) of Title 28 of the United States Code because this adversary proceeding is one arising in or under a case under the Bankruptcy Code.

12.    This adversary proceeding is commenced, pursuant to §§ 510, 544, 548, 550 and 551 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7001 and 7003 and New York Debtor and Creditor Law §§ 273, 274, 275 and 276, to avoid and recover transfers of certain property interests of the Debtor to the Defendants.

## BACKGROUND

13.    On February 19, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Title 11 of the United States Code ("the Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

14.    Upon information and belief, at all relevant times, the land and apartment building located at 6 East 132nd Street, New York, New York (the "Premises"), together with all the rent, income, profits and other monies arising from, related to or concerning the Premises and/or the management and/or operations thereof (the "Proceeds") constituted substantially all of the assets of the Debtor.  The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "6 East 132nd Street Property."

15.    The Trustee is currently in litigation before this Court, under Adversary proceeding number 05-02091 (RDD), to recover the 6 East 132nd Street Property.

**Transfers To Defendant BRT**

16.    On or about June 10, 2003, a UCC Financing Statement was recorded with the New York City Department of Finance (the "BRT UCC Statement") against the Premises, or certain fixtures attached to the Premises, in favor of Defendant BRT.

17.    On or about October 3, 2003, a mortgage on the 6 East 132nd Street Property in favor of Defendant BRT in the amount of $1,100,000 (the "BRT Mortgage No. 1") was recorded in the New York County Clerk's Office.

18.    On or about October 3, 2003, a mortgage on the 6 East 132nd Street Property in favor of Defendant BRT in the amount of $1,000,000 (the "BRT Mortgage No. 2") was recorded in the New York County Clerk's Office.

19.    On or about September 24, 2004, a lien was docketed with the New York County Clerk's Office against the 6 East 132nd Street Property in favor of Defendant BRT (the "BRT Lien" and together with the BRT UCC Statement, BRT Mortgage No. 1, the BRT, Mortgage No. 2, and together with any obligations relating thereto and any assignment of leases and rents, collectively, the "BRT Transfers").

20.    Upon information and belief, the Debtor received no equivalent value in exchange for the BRT Transfers or, in the alternative, less than reasonably equivalent value in exchange for the BRT Transfers.

**Transfer to Defendant Kennedy Funding**

21.    On or about June 20, 2001, a mortgage on the 6 East 132nd Street Property in favor of Defendant Kennedy in the amount of $600,000 was recorded in the New York County Clerks Office (the "Kennedy Mortgage," and together with any obligations relating thereto and any assignment of leases and rents, collectively, the "Kennedy Transfer").

22.    Upon information and belief, the Debtor received no equivalent value in exchange for the Kennedy Transfer or, in the alternative, less than reasonably equivalent value in exchange for the Kennedy Transfer.

**Purported Transfer To Irgang Defendants**

23.    Upon information and belief, the Irgang Defendants have asserted that they received a transfer of a mortgage from the Debtor as part of the transaction in which they acquired an interest in the Debtor (the "Purported Irgang Mortgage Transfer").

24.    Notwithstanding that the Trustee questions the validity and authenticity of the Purported Irgang Mortgage Transfer, the Debtor received no consideration in exchange for the Purported Irgang Mortgage Transfer.

**Assignments To Defendant Bodden**

25.    On or about March 25, 2004, a lien was docketed with the New York County Clerk's Office against the 6 East 132nd Street Property in favor of Banco Popular, N.A. in the amount of $1,033,604.41 (the "Banco Popular Lien").

26.    Upon information and belief, the Banco Popular Lien was assigned to Defendant Bodden on or about October 15, 2004 and such assignment was recorded with the New York County Clerk's Office on or about December 23, 2004 (the "Banco Popular Assignment").

27.    Upon information and belief, the BRT Mortgage No. 2 was assigned to Defendant Bodden on or about October 14, 2004 and such assignment was recorded with the New York County Clerk's Office on or about January 11, 2005 (the "BRT Assignment," and together with the Banco Popular Assignment, the "Bodden Transfers").

28.    Bodden did not take the Bodden Transfers for value, in good faith and without knowledge of the avoidability of the assigned interests in property of the Debtor.

29.    Upon information and belief, the Bodden Transfer was effectuated in connection with the Irgangs' effort to wipe out the junior and unrecorded mortgages and investor claims on the Debtor's Property. Specifically, certain of the mortgages assigned to Bodden were in foreclosure at the time they were assigned to Bodden. Following the Bodden Transfers, Bodden served notices of default with demand to cure and pay the amounts owed in full, knowing full well that the Debtors lacked the financial wherewithal to pay off the loans, and with the intent to wipe out the investor creditors, junior mortgages and unrecorded mortgages of the Debtor.

## FIRST CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550 and 551)

30.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 29 above as if fully set forth at length.

31.    The BRT Lien, the Bodden Transfers and the Purported Irgang Mortgage Transfer were made within one year of the Petition Date.

32.    The BRT Lien, the Bodden Transfers and the Purported Irgang Mortgage Transfer were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

33.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551: (a) avoiding and preserving the BRT Lien, the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Lien, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## SECOND CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550 and 551)**

34.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 33 above as if fully set forth at length.

35.    The BRT Lien, the Bodden Transfers and the Purported Irgang Mortgage Transfer were made within one year of the Petition Date.

36.    The Debtor (a) was insolvent on the dates the BRT Lien, the Bodden Transfers and the Purported Irgang Mortgage Transfer were made or became insolvent as a result of the BRT Lien, the Bodden Transfers and the Purported Irgang Mortgage Transfer individually, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the BRT Lien, the Bodden Transfers and the Purported Irgang Mortgage Transfer were effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the BRT Lien, the Bodden Transfers and the Purported Irgang Mortgage Transfer were made, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

37.    The Debtor received no equivalent value in exchange for the BRT Lien, the Bodden Transfers or the Purported Irgang Mortgage Transfer or, in the alternative, less than reasonably equivalent value in exchange for the BRT Lien, the Bodden Transfers and the Purported Irgang Mortgage Transfer.

38.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551:  (a) avoiding and preserving the BRT Lien, the Bodden Transfers and the Purported Irgang Mortgage Transfer and (b) directing that the BRT

Lien, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## THIRD CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)**

39.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 38 above as if fully set forth at length.

40.     The Debtor did not receive fair consideration for the BRT Transfers, the Kennedy Transfer, the Bodden Transfers or Purported Irgang Mortgage Transfer.

41.     At the time of the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer individually.

42.     The BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 273.

43.     By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551:  (a) avoiding and preserving the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## FOURTH CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)

44.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 43 above as if fully set forth at length.

45.    The Debtor did not receive fair consideration for the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer.

46.    At the time the Debtor made the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its hands after the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer was an unreasonably small amount of capital.

47.    The BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 274.

48.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## FIFTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)**

49.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 48 above as if fully set forth at length.

50.     The BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer were made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

51.     The BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 276.

52.     By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers (d) recovering attorneys' fees from the Defendants.

## SIXTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code Sections 544, 550, and 551)**

53.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 52 above as if fully set forth at length.

54.    The Debtor did not receive fair consideration for the BRT Transfers, the Kennedy Transfer, the Bodden Transfers or Purported Irgang Mortgage Transfer.

55.    At the time of the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer, the Debtor incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

56.    The BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 275.

57.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## SEVENTH CLAIM FOR RELIEF

### (Claim for Equitable Subordination Pursuant to Bankruptcy Code Section 510(c))

58.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 57 above as if fully set forth at length.

59.    Any claim Bodden has against the Debtor or the 6 East 132nd Street Property by virtue of the Bodden Transfers should be equitably subordinated to the claims of other creditors because Bodden is an insider of the Debtor and took unfair advantage of its position and information to acquire the Bodden Transfers which result in injury to creditors.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

1.      On the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551: (a) avoiding and preserving the BRT Lien, the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Lien, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

2.      On the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the BRT Lien, the Bodden Transfers and the Purported Irgang Mortgage Transfer and (b) directing that the BRT Lien, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

3.      On the Trustee's Third Claim for Relief pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

4.      On the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported

Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

5.     On the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers (d) recovering attorneys' fees from the Defendants;

6.     On the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfer, the Bodden Transfers and Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

7.     On the Trustee's Seventh Claim for Relief pursuant to 11 U.S.C. § 510(c) equitably subordinating any claim Bodden has against the Debtor or the 6 East 132nnd Street Property by virtue of the Bodden Transfers.

8.     Together with all applicable interest, costs and disbursements and for such other, further and different relief as the Court deems just, proper and equitable.

Dated:    New York, New York
          February 16, 2007

                              DREIER LLP

                              By: _____/s/_____
                                  John P. Campo (JC-5241)
                                  John S. Kinzey (JK-4951)
                                  (Members of the Firm)
                                  499 Park Avenue
                                  New York, New York  10022
                                  Tel.:  (212) 328-6100
                                  Fax:  (212) 328-6101
                                  ATTORNEYS FOR JOHN S. PEREIRA, AS
                                  CHAPTER 11 TRUSTEE

John P. Campo (JC-5241)
John S. Kinzey (JK-4951)
DREIER LLP
499 Park Avenue
New York, New York 10022
Tel.: (212) 328-6100
Fax: (212) 328-6101

RECEIVED

07 FEB 16 PM 6: 23

U.S. DISTRICT COURT
S.D.N.Y.

Attorneys for John S. Pereira, Esq., as Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

In re:                                                       :

MAYWOOD CAPITAL CORP., et al.,                               :

                     Debtors,          :

------------------------------------------------------------ x

JOHN S. PEREIRA, as Chapter 11 Trustee of 65-67            :
EAST 125TH STREET REALTY CORP.,                             :

                     Plaintiff,        :

      vs.                                                   :

BRT REALTY TRUST, KENNEDY FUNDING, INC.,                   :
BODDEN FUNDING CORP., JAY IRGANG, MARK                     :
IRGANG and ORLI IRGANG,                                     :

                     Defendants.       :

------------------------------------------------------------ x

Chapter 11 Cases
Case No. 05-10987 (RDD)

Jointly Administered
Case Nos. 04-17047, 05-10944
to 05-10987, 05-11521, 05-11523
and 05-1778 (RDD)

Adversary No.: _____

## COMPLAINT

    Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of 65-67

East 125th Street Realty Corp. (the "Debtor"), by and through his counsel, Dreier LLP, as and for

his Complaint against the above-captioned defendants, respectfully alleges as follows:

    1.      This is an action to avoid and recover fraudulent conveyances of property of the

Debtor and for other relief.

{00225628.DOC;5}

## PARTIES

2.      65-67 East 125th Street Realty Corp. (sometimes referred to as "65-67 East 125th Street Realty Corp." or the "Debtor") is one of the Debtors in this jointly administered case, and is a corporation organized and existing under the laws of the State of New York.

3.      The Trustee is the duly appointed Chapter 11 Trustee of Debtor's estate pursuant to an order entered by the Bankruptcy Court on March 24, 2005.

4.      Upon information and belief, Defendant Kennedy Funding, Inc. ("Kennedy") is a New Jersey Corporation with offices located at Two University Plaza, Hackensack, New Jersey 07601.

5.      Upon information and belief, Defendant BRT Realty Trust ("BRT") is a located at 60 Cutter Mill Road, Great Neck, New York  11021.

6.      Upon information and belief, defendants Jay Irgang, Mark Irgang, and Orli Irgang (collectively, the "Irgang Defendants") are each a natural person having an office at 60 East 42nd Street, Suite 447, New York, New York  10165.

7.      Upon information and belief, Defendant Bodden Funding Corp. ("Bodden") has offices located at 2386 Morris Avenue, Suite 1B, Bronx, New York  10468.

8.      Upon information and belief, Bodden was, at all relevant times an insider of the Debtor, having been owned, controlled or otherwise affiliated with the Irgang Defendants, who were officers and directors of the Debtor.

## JURISDICTION AND VENUE

9.      The jurisdiction of this Court is founded upon 28 U.S.C. § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

10.     This adversary proceeding is a core proceeding pursuant to §§ 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including 65-67 East 125th Street Realty Corp., now pending in the Bankruptcy Court.

11.     Venue of this proceeding in this Court is proper pursuant to § 1409(a) of Title 28 of the United States Code because this adversary proceeding is one arising in or under a case under the Bankruptcy Code.

12.     This adversary proceeding is commenced, pursuant to §§ 510, 544, 548, 550 and 551 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7001 and 7003 and New York Debtor and Creditor Law §§ 273, 274, 275 and 276, to avoid and recover transfers of certain property interests of Debtor to the Defendants.

## BACKGROUND

13.     On February 19, 2005 (the "Petition Date") the Debtor filed a voluntary petition for relief under Title 11 of the United States Code ("the Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

14.     Upon information and belief, at all relevant times, the land and apartment building located at 65-67 East 125th Street, New York, New York (the "Premises"), together with all the fixtures, rent, income, profits and other monies arising from, related to or concerning the Premises and/or the management and/or operations thereof (the "Proceeds") constituted substantially all of the assets of 65-67 East 125th Street Realty Corp. The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "65-67 East 125[th] Street Property."

15.     The Trustee is currently in litigation before this Court, under Adversary proceeding number 05-02096 (RDD), to recover the 65-67 East 125th Street Property.

**Transfers to Defendant Kennedy Funding**

16.     On or about June 20, 2001, a mortgage on the 65-67 East 125th Street Property in favor of Defendant Kennedy in the amount of $600,000 was recorded in the New York County Clerks Office (the "<u>Kennedy Mortgage No. 1</u>").

17.     On or about September 12, 2003, a UCC Financing Statement was recorded with the New York City Department of Finance against the Premises in favor of Defendant Kennedy (the "<u>Kennedy  UCC Statement</u>").

18.     On or about August 11, 2003, a mortgage on the 65-67 East 125th Street Property in favor of Defendant Kennedy in the amount of $500,000 was recorded in the New York County Clerks Office (the "<u>Kennedy Mortgage No. 2</u>," and together the Kennedy UCC Statement, the Kennedy Mortgage No. 1, and together with any obligations relating thereto and any assignment of leases and rents, collectively, the "<u>Kennedy Transfers</u>").

**Transfers to Defendant BRT**

19.     On or about June 10, 2003, a UCC Financing Statement was recorded with the New York City Department of Finance (the "<u>BRT UCC Statement</u>") against the Premises, or certain fixtures attached to the Premises, in favor of Defendant BRT.

20.     On or about October 3, 2003, a mortgage on the 65-67 East 125th Street Property in favor of Defendant BRT in the amount of $1,100,000 (the "<u>BRT Mortgage No. 1</u>") was recorded in the New York County Clerk's Office.

21.     On or about October 3, 2003, a mortgage on the 65-67 East 125th Street Property in favor of Defendant BRT in the amount of $1,000,000 (the "<u>BRT Mortgage No. 2</u>") was recorded in the New York County Clerk's Office.

22.     On or about September 24, 2003, a lien was docketed with the New York County Clerk's Office against the 65-67 East 125th Street Property in favor of Defendant BRT (the "BRT Lien" and together with the BRT UCC Statement, BRT Mortgage No. 1, the BRT Mortgage No. 2 and together with any obligations relating thereto and any assignment of leases and rents, collectively, the "BRT Transfers").

23.     Upon information and belief, the Debtor received no equivalent value in exchange for the BRT Transfers or, in the alternative, less than reasonably equivalent value in exchange for the BRT Transfers.

**Purported Transfer To Irgang Defendants**

24.     Upon information and belief, the Irgang Defendants have asserted that they received a transfer of a mortgage from the Debtor as part of the transaction in which they acquired an interest in the Debtor (the "Purported Irgang Mortgage Transfer").

25.     Notwithstanding that the Trustee questions the validity and authenticity of the Purported Irgang Mortgage Transfer, the Debtor received no consideration in exchange for the Purported Irgang Mortgage Transfer.

**Assignments to Defendant Bodden**

26.     Upon information and belief, the Kennedy Mortgage was assigned to Defendant Bodden on or about October 19, 2004 and such assignment was recorded with the New York County Clerk's Office on or about December January 10, 2005 (the "Kennedy Assignment").

27.     Upon information and belief, the BRT Mortgage No. 2 was assigned to Defendant Bodden on or about October 14, 2004 and such assignment was recorded with the New York County Clerk's Office on or about January 11, 2005 (the "BRT Assignment No.1").

28.    Upon information and belief, a mortgage on the 65-67 East 125th Street Property in favor of BRT in the amount of $800,000 (the "BRT Mortgage No. 3") was assigned to Defendant Bodden on or about October 14, 2004 and such assignment was recorded with the New York County Clerk's Office on or about January 11, 2005 (the "BRT Assignment No. 2").

29.    On or about January 25, 2005, a lien was docketed with the New York County Clerk's Office against the 65-67 East 125th Street Property in favor of Defendant Bodden (the "Bodden Lien" and together with the Kennedy Assignment," the "BRT Assignment No.1" and the "BRT Assignment No.2," the "Bodden Transfers").

30.    Bodden did not take the Bodden Transfers for value, in good faith and without knowledge of the avoidability of the assigned interests in property of the Debtor.

31.    Upon information and belief, the Bodden Transfer was effectuated in connection with the Irgangs' effort to wipe out the junior and unrecorded mortgages and investor claims on the Debtor's Property.  Specifically, certain of the mortgages assigned to Bodden were in foreclosure at the time they were assigned to Bodden.  Following the Bodden Transfers, Bodden served notices of default with demand to cure and pay the amounts owed in full, knowing full well that the Debtors lacked the financial wherewithal to pay off the loans, and with the intent to wipe out the investor creditors, junior mortgages and unrecorded mortgages of the Debtor.

## FIRST CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550 and 551)**

32.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 31 above as if fully set forth at length.

33.     The Bodden Transfers and the Purported Irgang Mortgage Transfer were made within one year of the Petition Date.

34.     The Bodden Transfers and the Purported Irgang Mortgage Transfer were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

35.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551:  (a) avoiding and preserving the Bodden Transfers and the Purported Irgang Mortgage Transfer , (b) directing that the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## SECOND CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550 and 551)**

36.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 35 above as if fully set forth at length.

37.     The Bodden Transfers and the Purported Irgang Mortgage Transfer were made within one year of the Petition Date.

38.     The Debtor (a) was insolvent on the dates the Bodden Transfers and the Purported Irgang Mortgage Transfer were made or became insolvent as a result of the Bodden Transfers and the Purported Irgang Mortgage Transfer , (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the Bodden Transfers and the Purported Irgang Mortgage Transfer were effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the Bodden Transfers

and the Purported Irgang Mortgage Transfer were made, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

39.     The Debtor received no equivalent value in exchange for the Bodden Transfers or the Purported Irgang Mortgage Transfer or, in the alternative, less than reasonably equivalent value in exchange for the Bodden Transfers and the Purported Irgang Mortgage Transfer.

40.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551:  (a) avoiding and preserving the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## THIRD CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)**

41.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 40 above as if fully set forth at length.

42.     The Debtor did not receive fair consideration for the Kennedy Transfers, the BRT Transfers, the Bodden Transfers or the Purported Irgang Mortgage Transfer.

43.     At the time of the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer.

44.     The Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 273.

45.    By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer Kennedy Transfers, (b) directing that the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## FOURTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)**

46.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 45 above as if fully set forth at length.

47.    The Debtor did not receive fair consideration for the Kennedy Transfers, the BRT Transfers, the Bodden Transfers or the Purported Irgang Mortgage Transfer .

48.    At the time the Debtor made the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer , the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its hands after the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer was an unreasonably small capital.

49.    The Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 274.

50.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment: (a) avoiding and

preserving the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer , (b) directing that the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer  be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## FIFTH CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)

51.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 50 above as if fully set forth at length.

52.     The Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer  were made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

53.     The Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer  constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

54.     By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment: (a) avoiding and preserving the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer , (b) directing that the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer  be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers (d) recovering attorneys' fees from the Defendants.

## SIXTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code Sections 544, 550, and 551)**

55.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 54 above as if fully set forth at length.

56.     The Debtor did not receive fair consideration for the Kennedy Transfers, the BRT Transfers, the Bodden Transfers or the Purported Irgang Mortgage Transfer .

57.     At the time of the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer , the Debtor incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

58.     The Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer  constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 275.

59.     By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer , (b) directing that the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer  be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## SEVENTH CLAIM FOR RELIEF

**(Claim for Equitable Subordination Pursuant to Bankruptcy Code Sections 510(c))**

60.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 59 above as if fully set forth at length.

61.    Any claim Bodden has against the Debtor or the 65-67 East 125th Street Property by virtue of the Bodden Transfers should be equitably subordinated to the claims of other creditors because Bodden is an insider of the Debtor and took unfair advantage of its position and information to acquire the Bodden Transfers which result in injury to creditors.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

1.    On the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551:  (a) avoiding and preserving the Bodden Transfers and the Purported Irgang Mortgage Transfer , (b) directing that the Bodden Transfers and the Purported Irgang Mortgage Transfer  be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

2.    On the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551:  (a) avoiding and preserving the Bodden Transfers and the Purported Irgang Mortgage Transfer , (b) directing that the Bodden Transfers and the Purported Irgang Mortgage Transfer  be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

3.    On the Trustee's Third Claim for Relief pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551:  (a) avoiding and preserving the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer  Kennedy Transfers, (b) directing that the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer  be set aside and

(c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

4.      On the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer , (b) directing that the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer  be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

5.      On the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer , (b) directing that the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer  be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers (d) recovering attorneys' fees from the Defendants;

6.      On the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer , (b) directing that the Kennedy Transfers, the BRT Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer  be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

7.    On the Trustee's Seventh Claim for Relief pursuant to 11 U.S.C. § 510(c)

equitably subordinating any claim Bodden has against the Debtor or the 65-67 East 125th Street

Property by virtue of the Bodden Transfers; and

8.    Together with all applicable interest, costs and disbursements and for such other,

further and different relief as the Court deems just, proper and equitable.

Dated:    New York, New York
          February /6, 2007

                              DREIER LLP

                              By:_____/s/_____
                                   John P. Campo (JC-5241)
                                   John S. Kinzey (JK-4951)
                                   (Members of the Firm)
                                   499 Park Avenue
                                   New York, New York  10022
                                   Tel.:  (212) 328-6100
                                   Fax:  (212) 328-6101
                                   ATTORNEYS FOR JOHN S. PEREIRA, AS
                                   CHAPTER 11 TRUSTEE

RP

John P. Campo (JC-5241)
John S. Kinzey (JK-4951)
DREIER LLP
499 Park Avenue
New York, New York 10022
Tel.: (212) 328-6100
Fax: (212) 328-6101

RECEIVED

07 FEB 16 PM 6: 23

U.S. DISTRICT COURT
S.D.N.Y.

Attorneys for John S. Pereira, Esq., as Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

In re:                               :

MAYWOOD CAPITAL CORP., et al.,    :     Chapter 11 Cases
                                 :     Case No. 05-10987 (RDD)

            Debtors,          :

------------------------------------------------------------ x    Jointly Administered

JOHN S. PEREIRA, as Chapter 11 Trustee of 27 EAST   :   Case Nos. 04-17047, 05-10944
131ST REALTY CORP.,                 :   to 05-10987, 05-11521, 05-11523
                                 :   and 05-1778 (RDD)

                  Plaintiff,        :

     vs.                                  :

BRT REALTY TRUST, KENNEDY FUNDING, INC.,    :
BODDEN FUNDING CORP., JAY IRGANG, MARK    :
IRGANG and ORLI IRGANG,            :    Adversary No.: _____

                                 :

                  Defendants.     :

------------------------------------------------------------ x

## COMPLAINT

Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of 27 East

131st Realty Corp. (the "Debtor"), by and through his counsel, Dreier LLP, as and for his

Complaint against the above-captioned defendants, respectfully alleges as follows:

      1.      This is an action to avoid and recover fraudulent conveyances of property of the

Debtor and for other relief.

{00225610.DOC;4}

## PARTIES

2.      27 East 131st Realty Corp. (sometimes referred to as 27 East 131st Realty Corp. or the "Debtor") is one of the Debtors in this jointly administered case, and is a corporation organized and existing under the laws of the State of New York.

3.      The Trustee is the duly appointed Chapter 11 Trustee of Debtor's estate pursuant to an order entered by the Bankruptcy Court on March 24, 2005.

4.      Upon information and belief, Defendant BRT Realty Trust ("BRT") is a corporation located at 60 Cutter Mill Road, Great Neck, New York  11021.

5.      Upon information and belief, Defendant Kennedy Funding, Inc. ("Kennedy") is a New Jersey Corporation with offices located at Two University Plaza, Hackensack, New Jersey 07601.

6.      Upon information and belief, defendants Jay Irgang, Mark Irgang, and Orli Irgang (collectively, the "Irgang Defendants") are each a natural person having an office at 60 East 42nd Street, Suite 447, New York, New York  10165.

7.      Upon information and belief, Defendant Bodden Funding Corp. ("Bodden") has offices located at 2386 Morris Avenue, Suite 1B, Bronx, New York 10468.

8.      Upon information and belief, Bodden was, at all relevant times an insider of the Debtor, having been owned, controlled or otherwise affiliated with the Irgang Defendants, who were officers and directors of the Debtor.

## JURISDICTION AND VENUE

9.      The jurisdiction of this Court is founded upon 28 U.S.C. § 1334(b) and the

"Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court

for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

10.     This adversary proceeding is a core proceeding pursuant to §§ 157(a) and 157(b)

of Title 28 of the United States Code because this adversary proceeding arises in or under the

Chapter 11 case of the Debtors, including 27 East 131st Realty Corp., now pending in the

Bankruptcy Court.

11.     Venue of this proceeding in this Court is proper pursuant to § 1409(a) of Title 28

of the United States Code because this adversary proceeding is one arising in or under a case

under the Bankruptcy Code.

12.     This adversary proceeding is commenced, pursuant to §§ 510, 544, 548, 550 and

551 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7001 and 7003 and New

York Debtor and Creditor Law §§ 273, 274, 275 and 276, to avoid and recover transfers of

certain property interests of Debtor to the Defendants.

## BACKGROUND

13.     On February 19, 2005 (the "Petition Date") the Debtor filed a voluntary petition

for relief under Title 11 of the United States Code ("the Bankruptcy Code") in the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

14.     Upon information and belief, at all relevant times, the land and apartment building

located at 27 East 131st Street, New York, New York (the "Premises"), together with all the

fixtures, rent, income, profits and other monies arising from, related to or concerning the

Premises and/or the management and/or operations thereof (the "Proceeds") constituted

substantially all of the assets of the Debtor. The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "27 East 131st Street Property."

15.    The Trustee is currently in litigation before this Court, under Adversary proceeding number 05-02093 (RDD), to recover the 27 East 131st Street Property.

**Transfers To Defendant BRT**

16.    On or about May 23, 2003, a UCC Financing Statement was recorded with the New York City Department of Finance (the "BRT UCC Statement") against the Premises, or certain fixtures attached to the Premises, in favor of Defendant BRT.

17.    On or about October 4, 2001, a mortgage on the 27 East 131st Street Property in favor of Defendant BRT in the amount of $1,100,000 (the "BRT Mortgage No. 1") was recorded in the New York County Clerk's Office.

18.    On or about October 3, 2003, a mortgage on the 27 East 131st Street Property in favor of Defendant BRT in the amount of $1,000,000 (the "BRT Mortgage No. 2") was recorded in the New York County Clerk's Office.

19.    On or about October 3, 2003, a mortgage on the 27 East 131st Street Property in favor of Defendant BRT in the amount of $800,000 (the "BRT Mortgage No. 3") was recorded in the New York County Clerk's Office.

20.    On or about September 15, 2004, a mortgage on the 27 East 131st Street Property in favor of Defendant BRT in the amount of $411,000 was recorded in the New York County Clerk's Office (the "BRT Mortgage No. 4," and together with the "BRT UCC Statement," the "BRT Mortgage No. 1," the "BRT Mortgage No. 2," the "BRT Mortgage No. 3," and together with any obligations relating thereto and any assignment of leases and rents, collectively, the "BRT Transfers").

21.     Upon information and belief, the Debtor received no equivalent value in exchange for the BRT Transfers or, in the alternative, less than reasonably equivalent value in exchange for the BRT Transfers.

**Transfers To Defendant Kennedy**

22.     On or about June 20, 2001, a mortgage on the 27 East 131st Street Property in favor of Defendant Kennedy in the amount of $600,000 was recorded in the New York County Clerks Office (the "Kennedy Mortgage No. 1").

23.     On or about February 17, 2005, a mortgage on the 27 East 131st Street Property in favor of Defendant Kennedy (the "Kennedy Mortgage No. 2") in the amount of $375,000 was recorded in the New York County Clerk's Office.

24.     On or about September 16, 2003, a UCC Financing Statement was recorded with the New York City Department of Finance against the 27 East 131st Street Property in favor of Defendant Kennedy (the "Kennedy UCC Statement," and together with the "Kennedy Mortgage No. 1," the "Kennedy Mortgage No. 2," and together with any obligations relating thereto and any assignment of leases and rents, collectively, the "Kennedy Transfers").

25.     Upon information and belief, the Debtor received no equivalent value in exchange for the Kennedy Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Kennedy Transfers.

**Purported Transfer To Irgang Defendants**

26.     Upon information and belief, the Irgang Defendants have asserted that they received a transfer of a mortgage from the Debtor as part of the transaction in which they acquired an interest in the Debtor (the "Purported Irgang Mortgage Transfer").

Notwithstanding that the Trustee questions the validity and authenticity of the Purported Irgang Mortgage Transfer, the Debtor received no consideration in exchange for the Purported Irgang Mortgage Transfer.

**Assignments To Defendant Bodden**

27.     The BRT Mortgage No. 2 was assigned to Defendant Bodden on or about October 14, 2004 and such assignment was recorded with the New York County Clerk's Office on or about January 11, 2005 (the "BRT Assignment").

28.     The Kennedy Mortgage was assigned to Defendant Bodden on or about October 20, 2004 and such assignment was recorded with the New York County Clerk's Office on or about January 10, 2005 (the "Kennedy Assignment," and together with the "BRT Assignment," the "Bodden Transfers").

29.     Bodden did not take the Bodden Transfers for value, in good faith and without knowledge of the avoidability of the assigned interests in property of the Debtor.

30.     Upon information and belief, the Bodden Transfer was effectuated in connection with the Irgangs' effort to wipe out the junior and unrecorded mortgages and investor claims on the Debtor's Property.  Specifically, certain of the mortgages assigned to Bodden were in foreclosure at the time they were assigned to Bodden.  Following the Bodden Transfers, Bodden served notices of default with demand to cure and pay the amounts owed in full, knowing full well that the Debtors lacked the financial wherewithal to pay off the loans, and with the intent to wipe out the investor creditors, junior mortgages and unrecorded mortgages of the Debtor.

## FIRST CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550 and 551)**

31.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 30 above as if fully set forth at length.

32.    The BRT Mortgage No. 4, the Kennedy Mortgage, the Bodden Transfers and the Purported Irgang Mortgage Transfer were made within one year of the Petition Date.

33.    The BRT Mortgage No. 4, the Kennedy Mortgage No. 2, the Bodden Transfers and the Purported Irgang Mortgage Transfer were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

34.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551:  (a) avoiding and preserving the BRT Mortgage No. 4, the Kennedy Mortgage No. 2, the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Mortgage No. 4, the Kennedy Mortgage No. 2, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## SECOND CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550 and 551)**

35.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 34 above as if fully set forth at length.

36.    The BRT Mortgage No. 4, the Kennedy Mortgage No. 2, the Bodden Transfers and the Purported Irgang Mortgage Transfer were made within one year of the Petition Date.

37.    The Debtor (a) was insolvent on the dates the BRT Mortgage No. 4, the Kennedy Mortgage No. 2, the Bodden Transfers and the Purported Irgang Mortgage Transfer were made

or became insolvent as a result of the BRT Mortgage No. 4, the Kennedy Mortgage, the Bodden Transfers and the Purported Irgang Mortgage Transfer individually, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the BRT Mortgage No. 4, the Kennedy Mortgage No. 2, the Bodden Transfers and the Purported Irgang Mortgage Transfer were effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the BRT Mortgage No. 4, the Kennedy Mortgage No. 2, the Bodden Transfers and the Purported Irgang Mortgage Transfer were made, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

38.     The Debtor received no equivalent value in exchange for the BRT Mortgage No. 4, the Kennedy Mortgage No. 2, the Bodden Transfers or the Purported Irgang Mortgage Transfer or, in the alternative, less than reasonably equivalent value in exchange for the BRT Mortgage No. 4, the Kennedy Mortgage No. 2, the Bodden Transfers and the Purported Irgang Mortgage Transfer.

39.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551:  (a) avoiding and preserving the BRT Mortgage No. 4, the Kennedy Mortgage No. 2, the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Mortgage No. 4, the Kennedy Mortgage No. 2, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## THIRD CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)

40.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 39 above as if fully set forth at length.

41.    The Debtor did not receive fair consideration for the BRT Transfers, the Kennedy Transfers, Bodden Transfers or the Purported Irgang Mortgage Transfer.

42.    At the time of the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer.

43.    The BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 273.

44.    By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551:  (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## FOURTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)**

45.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 44 above as if fully set forth at length.

46.    The Debtor did not receive fair consideration for the BRT Transfers, the Kennedy Transfers, Bodden Transfers or the Purported Irgang Mortgage Transfer.

47.    At the time the Debtor made the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its hands after the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer was an unreasonably small capital.

48.    The BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 274.

49.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## FIFTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)**

50.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 49 above as if fully set forth at length.

51.    The BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer were made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

52.    The BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

53.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside, (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers, and (d) recovering attorneys' fees from the Defendants.

## SIXTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code Sections 544, 550, and 551)**

54.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 53 above as if fully set forth at length.

55.    The Debtor did not receive fair consideration for the BRT Transfers, the Kennedy Transfers, Bodden Transfers or the Purported Irgang Mortgage Transfer.

56.    At the time of the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer, the Debtor incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

57.    The BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 275.

58.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## SEVENTH CLAIM FOR RELIEF

### (Claim for Equitable Subordination Pursuant to Bankruptcy Code Section 510(c))

59.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 58 above as if fully set forth at length.

60.    Any claim Bodden has against the Debtor or the 27 East 131st Street Property by virtue of the Bodden Transfers should be equitably subordinated to the claims of other creditors because Bodden is an insider of the Debtor and took unfair advantage of its position and information to acquire the Bodden Transfers, which result in injury to creditors.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

1.     On the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551: (a) avoiding and preserving the BRT Mortgage No. 4, the Kennedy Mortgage No. 2, the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Mortgage No. 4, the Kennedy Mortgage No. 2, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

2.     On the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the BRT Mortgage No. 4, the Kennedy Mortgage No. 2, the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Mortgage No. 4, the Kennedy Mortgage No. 2, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

3.     On the Trustee's Third Claim for Relief pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

4.     On the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage

Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

5.    On the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, Bodden Transfers, and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside, (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers, and (d) recovering attorneys' fees from the Defendants;

6.    On the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551:  (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

7.    On the Trustee's Seventh Claim for Relief pursuant to 11 U.S.C. § 510(c):  (a) equitably subordinating any claim Bodden has against the Debtor or the 27 East 131st Street Property by virtue of the Bodden Transfers; and

8.    Together with all applicable interest, costs and disbursements and for such other, further and different relief as the Court deems just, proper and equitable.

Dated:     New York, New York
           February 16, 2007

                              DREIER LLP

                              By: /s/
                                  John P. Campo (JC-5241)
                                  John S. Kinzey (JK-4951)
                                  (Members of the Firm)
                                  499 Park Avenue
                                  New York, New York  10022
                                  Tel.: (212) 328-6100
                                  Fax: (212) 328-6101
                                  ATTORNEYS FOR JOHN S. PEREIRA, AS
                                  CHAPTER 11 TRUSTEE

{00225610.DOC;4}                  - 15 -

John P. Campo (JC-5241)
John S. Kinzey (JK-4951)
DREIER LLP
499 Park Avenue
New York, New York 10022
Tel.: (212) 328-6100
Fax: (212) 328-6101

RECEIVED

07 FEB 16 PM 6:22

U.S. DISTRICT COURT
S.D.N.Y.

*Attorneys for John S. Pereira, Esq., as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

In re:                                              :

MAYWOOD CAPITAL CORP., et al.,                      :        Chapter 11 Cases
                                                             Case No. 05-10987 (RDD)
                                    Debtors,        :
------------------------------------------------------------ x        Jointly Administered
                                                             Case Nos. 04-17047, 05-10944
JOHN S. PEREIRA, as Chapter 11 Trustee of 121       :        to 05-10987, 05-11521, 05-11523
WEST 122ND STREET CORP.,                            :        and 05-1778 (RDD)
                                                    :
                                    Plaintiff,      :
                                                    :
                vs.                                 :
                                                    :
BARRY LEVITES, DAVID CANTOR, BARON                  :
ASSOCIATES, KENNEDY FUNDING INC., and               :
BODDEN FUNDING INC.,                                :        Adversary No.: _____
                                                    :
                                                    :
                                    Defendants.     :
------------------------------------------------------------ x

## COMPLAINT

Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of 121 West

122nd Street Corp. ("121 West" or the "Debtor"), by and through his counsel, Dreier LLP, as and

for his Complaint against the above-captioned defendants, respectfully alleges as follows:

    1.      This is an action to avoid and recover fraudulent conveyances of property of the

Debtor and for other relief.

**PARTIES**

2.     121 West 122nd Street Corp. (sometimes referred to as "121 West." or the "Debtor") is one of the Debtors in this jointly administered case, and is a corporation organized and existing under the laws of the State of New York.

3.     The Trustee is the duly appointed Chapter 11 Trustee of Debtor's estate pursuant to an order entered by the Bankruptcy Court on March 24, 2005.

4.     Upon information and belief, Defendant Barry Levites ("Levites") resides at 341 West 149th Street, Bronx, New York 10451.

5.     Upon information and belief, Defendant David Cantor ("Cantor") resides at 19 West 44th Street, New York, New York 10036.

6.     Upon information and belief, Defendant Baron Associates ("Baron") is a company whose offices are located at 341 West 149th Street, Bronx, New York 10451.

7.     Upon information and belief, Defendant Kennedy Funding, Inc. ("Kennedy") is a corporation organized and existing under the laws of the State of New Jersey, with offices located at Two University Plaza, Hackensack, New Jersey.

8.     Upon information and belief, Defendant Bodden Funding Inc. ("Bodden") has offices located at 2386 Morris Avenue, Suite 1B, Bronx, New York.

9.     Upon information and belief, Bodden was, at all relevant times, an insider of the Debtor, having been owned, controlled or otherwise affiliated with Jay Irgang, Mark Irgang and Orli Irgang (the "Irgangs"), who were officers and directors of an affiliate of the Debtor.

## JURISDICTION AND VENUE

10.    The jurisdiction of this Court is founded upon 28 U.S.C. § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

11.    This adversary proceeding is a core proceeding pursuant to §§ 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including 121 West 122nd Street Corp., now pending in the Bankruptcy Court.

12.    Venue of this proceeding in this Court is proper pursuant to §§ 1409(a) of Title 28 of the United States Code because this adversary proceeding is one arising in or under a case under the Bankruptcy Code.

13.    This adversary proceeding is commenced, pursuant to §§ 510, 544, 548, 550 and 551 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7001 and 7003 and New York Debtor and Creditor Law §§ 273, 274, 275 and 276, to avoid and recover transfers of certain property interests of the Debtor to the Defendants.

## BACKGROUND

14.    On February 19, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Title 11 of the United States Code ("the Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

15.    Upon information and belief, at all relevant times, the land and apartment building located at 121 West 122nd Street, New York, New York (the "Premises"), together with all the rent, income, profits and other monies arising from, related to or concerning the Premises and/or the management and/or operations thereof (the "Proceeds") constituted substantially all of the

3

assets of the Debtor. The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "121 West 122nd Street Property."

16.    On or about September 19, 2005, the Trustee commenced an Adversary Proceeding No. 05-02577 in the Bankruptcy Court seeking to recover the 121 West 122nd Street Property.

**Transfer To Defendant Levites**

17.    On or about August 11, 2004, a mortgage on the Premises in favor of Defendant Levites in the amount of $200,000 was recorded in the New York County Clerk's Office (the "Levites Mortgage," and together with any related obligations or assignment of leases and rents, collectively the "Levites Transfer").

18.    Upon information and belief, the Debtor received no equivalent value in exchange for the Levites Transfer or, in the alternative, less than reasonably equivalent value in exchange for the Levites Transfer.

**Transfer To Defendants Levites and Cantor**

19.    On or about August 11, 2004, a mortgage on the premises jointly in favor of Defendants Levites and Cantor in the amount of $50,000 was recorded in the New York County Clerk's Office (the "Levites-Cantor Mortgage," and together with any related obligations or assignment of leases and rents, collectively the "Levites-Cantor Transfer").

20.    Upon information and belief, the Debtor received no equivalent value in exchange for the Levites-Cantor Transfer or, in the alternative, less than reasonably equivalent value in exchange for the Levites-Cantor Transfer.

**Transfer to Defendant Cantor**

21.    On or about August 30, 2004, a judgment lien on the Premises in favor of Defendant Cantor was recorded in the New York County Clerk's Office (the "Cantor Lien" or the "Cantor Transfer").

22.    Upon information and belief, the Debtor received no equivalent value in exchange for the Cantor Transfer or, in the alternative, less than reasonably equivalent value in exchange for the Cantor Transfer.

**Transfers to Defendant Baron**

23.    On or about March 27, 2004, a mortgage on the Premises in favor of Defendant Baron Associates in the amount of $75,000 was recorded in the New York County Clerk's Office (the "Baron Assocs. Mortgage").

24.    On or about August 30, 2004, a judgment lien on the Premises in favor of Defendant Baron Associates was recorded in the New York County Clerk's Office (the "Baron Assocs. Lien") (the "Baron Assocs. Mortgage" and "Baron Assocs. Lien," and together with any related obligations or assignment of leases and rents, collectively the "Baron Assocs. Transfers").

25.    Upon information and belief, the Debtor received no equivalent value in exchange for the Baron Assocs. Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Baron Assocs. Transfers.

**Transfer to Defendant Kennedy**

26.    On or about August 11, 2003, a mortgage on the Premises in favor of Defendant Kennedy in the amount of $500,000 was recorded in the New York County Clerk's Office (the

5

"Kennedy Mortgage," and together with any related obligations or assignment of leases and rents, collectively the "Kennedy Transfer").

27.     Upon information and belief, the Debtor received no equivalent value in exchange for the Kennedy Transfer or, in the alternative, less than reasonably equivalent value in exchange for the Kennedy Transfer.

**Transfers to Defendant Bodden**

28.     On or about November 10, 2004, the Kennedy Mortgage was assigned to Defendant Bodden in the amount of $500,000 was recorded in the New York County Clerk's Office (the "Bodden Mortgage Assignment").

29.     On or about January 25, 2005, a judgment lien on the Premises in favor of Defendant Bodden was recorded in the New York County Clerk's Office (the "Bodden Lien," the "Borden Mortgage Assignment" or and together with any related obligations or assignment of leases and rents, collectively the "Bodden Transfers").

30.     Upon information and belief, the Debtor received no equivalent value in exchange for the Bodden. Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Boddens Transfers.

## FIRST CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550 and 551)**

31.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 30 above as if fully set forth at length.

32.     The Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, and Baron Transfers, and Bodden Transfers were made within one year of the Petition Date.

33.    The Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, and Baron Transfers, and Bodden Transfers were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

34.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551:  (a) avoiding and preserving Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, and Baron Transfers, and Bodden Transfers, (b) directing that the Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, and Baron Transfers, and Bodden Transfers be set aside and (c) alternatively, awarding the Trustee on behalf of the Debtor's estate the value of those Transfers.

## SECOND CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550 and 551)

35.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 34 above as if fully set forth at length.

36.    The Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, and Baron Transfers, and Bodden Transfers were made within one year of the Petition Date.

37.    The Debtor (a) was insolvent on the dates the Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, and Baron Transfers, and Bodden Transfers were made or became insolvent as a result of the Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, and Baron Transfers, and Bodden Transfers individually, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, and Baron Transfers, and Bodden Transfers were effectuated constituted unreasonably small capital or, alternatively, (c) at the time the Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, and

Baron Transfers, and Bodden Transfers were made, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

38.     The Debtor received no equivalent value in exchange for the Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, and Baron Transfers, and Bodden Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, and Baron Transfers, and Bodden Transfers.

39.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551:  (a) avoiding and preserving the Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, and Baron Transfers, and Bodden Transfers and (b) directing that the Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, and Baron Transfers, and Bodden Transfers be set aside and (c) alternatively, awarding the Trustee on behalf of the Debtor's estate the value of those Transfers.

## THIRD CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)**

40.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 39 above as if fully set forth at length.

41.     The Debtor did not receive fair consideration for the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers.

42.     At the time of the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers individually.

43.     The Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 273.

44.     By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551:  (a) avoiding and preserving the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers, (b) directing that the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers be set aside and (c) alternatively, awarding the Trustee on behalf of the Debtor's estate the value of those Transfers.

## FOURTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)**

45.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 44 above as if fully set forth at length.

46.     The Debtor did not receive fair consideration for the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers.

47.     At the time the Debtor made the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its hands after the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers was an unreasonably small amount of capital.

48.    The Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 274.

49.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers, (b) directing that the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers be set aside, and (c) alternatively, awarding the Trustee on behalf of the Debtor's estate the value of those Transfers.

## FIFTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)**

50.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 49 above as if fully set forth at length.

51.    The Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers were made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

52.    The Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

53.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer,

Cantor Transfer, Baron Transfers, and Bodden Transfers, (b) directing that the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers be set aside, or alternatively, (c) awarding the Trustee on behalf of the Debtor's estate the value of those Transfers, and (d) recovering attorneys' fees from the Defendants.

## SIXTH CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code Sections 544, 550, and 551)

54.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 53 above as if fully set forth at length.

55.     The Debtor did not receive fair consideration for the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers.

56.     At the time of the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers, the Debtor incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

57.     The Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 275.

58.     By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers, (b) directing that the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers be